**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **CHICHAN JOHN HWANG** | ) | **CASE NO. 12-15450-RGM** |
| **JONG RAY HWANG** | ) | **CHAPTER 7** |
| | ) | |
| Debtors. | ) | |
| _____ | ) _____ | |
| | ) | |
| **CHICHAN JOHN HWANG** | ) | |
| **JONG RAY HWANG** | ) | |
| | ) | |
| Plaintiffs/Movants. | ) | |
| | ) | |
| v. | ) | **AP No. 13-01132-RGM** |
| | ) | |
| **CURTIS PROPERTIES, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO MOTION TO DISMISS**

COME NOW, the Debtors, CHICHAN JOHN HWANG and JONG RAY HWANG, by counsel, and hereby request that the Court deny the Defendant, CURTIS PROPERTIES, INC.'s, Motion to Dismiss ("Motion") for the reasons set forth below:

**I. FACTUAL ALLEGATIONS**

Chichan John Hwang and Jong Ray Hwang (collective "Plaintiffs" or "Debtors") filed for relief under Chapter 7 on September 7, 2012. (Compl. ¶ 10). At the time the bankruptcy petition was filed, the Debtors were parties to a lease agreement with Curtis Properties, Inc. ("Defendant"). Pursuant to that agreement, the Debtors were paying $3,685.82/month on a commercial shopping center lease that was to terminate on July 31, 2013. (Compl. ¶ 7-9). The Defendant was not listed as a creditor on the Schedules of the Debtor nor was the unexpired lease listed on Schedule G. (Compl. ¶ 12).

On November 6, 2012, the Defendant filed a Notice of Appearance in the Debtors Ch. 7 case, (Compl ¶ 13), and on December 4, 2012, the Defendant filed a Motion for Relief from Stay. (Compl. ¶¶ 15-17). The Ch. 7 Trustee did not file an opposition to the requested relief. An Order was entered on February 4, 2013 ("Order") granting Curtis Properties, Inc. relief from the automatic stay. (Compl. ¶ 14). A copy of the Order is attached as Exhibit A for the Court's convenience. The Order provided that that automatic stay was lifted and modified as to the Defendant to permit the Defendant to "exercise any and all rights which [the Defendant] may have with respect to the security deposit . . . including set-off of the security deposit against the debt." (Compl. ¶ 18).

The Debtors surrendered the Property to the Defendant, prior to the Order being entered, on January 14, 2013. (Compl. ¶ 19). The Chapter 7 discharge was entered by this Court on December 24, 2012. (Compl. ¶ 22). On March 20, 2013, the Defendant, filed a Warrant in Debt in the General District Court of Fairfax County seeking a judgment in the amount of $21,329.87, $70.00 costs, and $3,889.48 in attorney's fees at 10% interest from January 14, 2013, which represents amount owed on the lease from September 7, 2012 through January of 2013 (Compl. ¶¶ 23-24).

On March 26, 2013, the Trustee filed a Request for Asset Notice [doc. 30] andt the Notice of Need to File Proof of Claim [doc. 33] set the claims bar date for June 27, 2013. Curtis Properties timely filed a claim on June 27, 2013 for $36,769.13 [claim 14-1] which includes amounts due under the lease from September 1, 2012 through April 1, 2013.

## II. ARGUMENT

### A. Standard of Review

"A complaint may be dismissed at the outset of the litigation if it fails to state a claim upon which relief can be granted." *Allen v. Park Place Condo Ass'n (In re Allen)*, No. 11-1059, 2011 Bankr. LEXIS 2217, at *3 (Bankr. E.D. Va. June 6, 2011) (citing Fed.R.Bankr.P. 7012(b); Fed.R.Civ.P. 12(b)(6)). "Specifically, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim for relief that is 'plausible' on its face." *Id.* at *4 (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B.   Rent Due from September 7, 2012 – January 5, 2013 Discharged by Operation of §§ 365, 502, and 727

The Bankruptcy Code, 11 U.S.C. § 101, et seq., ("Bankruptcy Code" or "Code") provides ample guidance for the treatment of unexpired leases. Under 11 U.S.C. § 365(d)(4)(A), ". . . an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential lease to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of – (i) the date that is 120 days after the date of the order for relief; or (ii) the date of the entry of an order confirming a plan." *Id.* The rejection of the lease ". . . constitutes a breach of such contract or lease—(1) if such contract or lease has not been assumed under this section or under a plan confirmed under chapter 9, 11, 12, or 13 of this title, immediately before the date of the filing of the petition . . .." 11 U.S.C. § 365(g)(1).

The Code provides that, "[a] claim arising from the rejection, under section 365 of this title . . . of an . . . unexpired lease of a debtor that has not been assumed shall be determined, and shall be allowed . . . or disallowed . . . the same as if such claim had arisen before the date of filing of the petition." 11 U.S.C. § 502(g).  Section 727(b) of the Bankruptcy Code then identifies that, "[e]xcept as provided in section 523 of this title, a discharge . . . discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and <u>any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case</u>, whether or not a proof of claim based on any such debt or liability is filed under section 502 of this title." 11 U.S.C. § 727(b)(emphasis added).

In summary, upon the filing of the petition, the Code gives the Chapter 7 Trustee 120 days to assume or reject a non-residential lease. *See* § 365(d)(4). If the Trustee does not act by the end of that gap period, the unexpired lease is automatically rejected. *Id.* "If an unexpired lease is rejected under § 365, the code treats the rejection of the lease as a breach of lease that occurred immediately before the date of the filing of the petition." *In re King*, Ch. 7 Case No. 12-73743, slip op. at *2 (Bankr. W.D. Ark. April, 29, 2013)[1] (citing Bankruptcy Code §§ 365(g) and 502(g)).  Finally, the Code discharges the debtor from any liability on claims determined under §502. Bankruptcy Code § 727(b).

In this case, Curtis Properties filed a warrant in debt against the Debtors seeking to collect the rent due from the petition date through the end of January 2013.  The lease was deemed rejected on January 5, 2013, 120-days from the filing of the petition. Therefore, the rent that came due during the gap period is considered a pre-petition

---

[1] Attached as Exhibit B. The opinion in *In re King* is instructive, though dealing with a residential lease, as it clarifies the debt for which the lessor is entitled to pursue collection upon the rejection of an unexpired lease.

claim under §§ 365 and 502 of the Bankruptcy Code, and explicitly discharged by § 727(b). Of the total amount of damages sought in Warrant in Debt, 94.55%[2] came due during the gap period and is discharged. Commencing and continuing the lawsuit to collect discharged debt is a violation of the discharge injunction under 11 U.S.C. § 524(a)(2).

### C.     Failure to List Defendant on Schedules Does Not Effect Analysis

Curtis Properties, Inc. was not identified as a creditor on Schedule F or Schedule G.  However, this does not change the fact that the contract is deemed rejected at the end of 120-day period.  Due to the particular facts of this case, the failure to list does not alter the conclusion that the damages accruing during the gap period are considered a pre-petition claim and discharged pursuant to Bankruptcy Code § 727(b).

#### i.     Executory Contract Automatically Rejected at End of Gap Period Whether or Not Trustee Has Notice

The Debtor failed to list the unexpired lease on Schedule G.  It is not known when the Chapter 7 Trustee first learned of the unexpired lease, but it is certain that the Trustee knew of the lease on December 4, 2012 when Curtis Properties, Inc. filed its Motion for Relief from the Automatic Stay [doc. 19].

However, the Trustee's knowledge of the executory contract is not a requirement for the operation of § 365.  Judge Krumm positively cited an opinion from the 9th Circuit B.A.P., which found that "the trustee has an affirmative duty to investigate for unscheduled executory contracts or unexpired leases. . . Once the [gap period] expired without any action taken by the trustee, the lease was deemed to be rejected and the court had no authority to revive the lease. . ." *Affordable Efficiencies v. Bane (In re*

---

[2] 1 – ($1,207.12/$22,165.53)

*Bane)*, 228 B.R. 835, 840 (W.D. Va. Bankr. 1998)(*citing Carrico v. Tompkins*, 95 B.R. 722, 724 (9th Cir. B.A.P. 1989)). In *Bane*, the Debtor was attempting to assume an unlisted lease after the gap period had ended. In that case, the lessor argued that the failure to schedule does not affect the operation of § 365 and that the lease was automatically rejected at the close of the gap period.

Judge Krumm agreed with the lessor and concluded that, "[g]iven the plain language of the statute, and absent a motion for extension prior to expiration of the [gap period], this Court does not have authority to extend the rejection period once the period has run." *Id.* at 841. Though Judge Krumm was dealing with § 365 in a different context than before this Court, his conclusion, that the failure to schedule an unexpired lease does not alter the operation of § 365, is equally applicable here.

### ii. Gap Period Damages Not Excepted Under §523(a)(3) Because of Early Notice and Timely Filed Claim

§ 727(b) identifies one exception to discharge of liabilities on claims under § 502: Bankruptcy Code § 523. In relevant part, section 523(a)(3)(A) provides that "[a] discharge under section 727 . . . does not discharge an individual debtor from any debt -- . . . (3) neither listed or scheduled . . . of the creditor to whom such debt is owed in time to permit – (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, <u>unless such creditor has notice or actual knowledge of the case in time for such timely filing</u> . . ." 11 U.S.C. § 523(a)(3)(A) (emphasis added). "The exception requires not only that the creditor not be listed or scheduled in time to file a timely proof of claim, but that the creditor not have 'notice or actual knowledge of the case in time for such timely filing.'" *In re Cassani*, No. 08-13185, 2009 Bankr. LEXIS 3716, at *9 (E.D. Va. Bankr. Nov. 16, 2009).

In this case, the Clerk issued Notice of Need to File Proof of Claim which identified the claims bar date as June 27, 2013 [doc. 33]. Curtis Properties, though unlisted, filed a Notice of Appearance on November 6, 2012, nearly eight months before the claims bar date. Not only did Curtis Properties have notice of the case in time for the filing of a proof of claim, it did, in fact, timely file a proof of claim on June 27, 2013 [claim 14-1]. Therefore, §523(a)(3) has no applicability in this case and the liability on the claim is discharged pursuant to § 727(b).

### D. Order Entered Lifting Automatic Stay Does Not Permit Defendant to Violate Discharge Injunction

On December 4, 2012, the Defendant filed a Motion for Relief from Stay [doc. 19] ("MFRS"), which was granted by Order on February 4, 2013 ("Feb. 4 Order"). The Defendant's Motion argues that Curtis Properties stated its intention to collect post-petition rent "three times" in its MFRS. (Motion at 3). The Order granting the MFRS specifically provides that, it is:

> "ORDERED, that the automatic stay in this case afforded by 11 U.S.C. 362 should be, and hereby is, lifted as to the Movant; and it is further
>
> ORDERED that the automatic stay of 11 U.S.C. Section 362 is lifted and modified to permit Movant to exercise any all rights which the Movant may have with respect to the security deposit described in the Motion for Relief from Automatic Stay, including set-off of the security deposit against the debt."

(Feb. 4 Order at 2).

The discharge was entered on December 24, 2012. ". . . [O]nce a discharge is granted, the automatic stay is dissolved and is replaced by the permanent injunction of 11 US.C.S. § 524." *In re Werness*, 2012 Bankr. LEXIS 5745, at *9 (Bankr. E.D. N.C. Dec. 13, 2012)(citing *Wimmer v. Mann (In re Mann),* 58 B.R. 953, 956 (Bankr. W.D. Va.

1986).  The Feb. 4 Order granted Curtis Properties relief from an automatic stay that no longer existed.

In the first paragraph, the Order lifts the automatic stay (which was not in effect), as to the Defendant.  (Feb. 4 Order at 2). In the second paragraph, the Order permitted Curtis Properties to exercise its rights against the security deposit, including set-off against the security deposit. *Id.*  The Feb. 4 Order DOES NOT purport to hold that any debt that is otherwise dischargeable is now nondischargeable.  "A discharge in bankruptcy relieves the debtor of personal liability for all pre-petition debts but those excepted under the Bankruptcy Code." *Id.* (citing *River Place E. Hous. Corp. v. Rosenfeld (In re Rosenfeld)*, 23 F.3d 833, 836 (4th Cir. 1994)).

The Feb. 4 Order simply permitted Curtis Properties to exercise all rights which they had with respect to the security deposit described in the Motion for Relief from the Automatic Stay. (Feb. 4 Order at 2).  The MFRS requested the right to set-off the security deposit against the debt due and owing. (MFRS ¶ 11). In the Bill of Particulars filed in the Fairfax County General District Court, the Defendant's admit that they were holding a security deposit in the amount $3,591.97 and that the pre-petition debt owed to the Defendant was $1,133.08.  Based on the Feb. 4 Order, the Defendants were permitted to set-off $1,133.08 in pre-petition debt against the security deposit leaving $2,458.89 of the security deposit still being held by the Defendants.

Though the Debtors did not respond to the MFRS, which contained statements that the Defendant intended to collect debt that would ultimately be discharged, this does not convert a Motion for Relief from the Automatic Stay into a dischargeabilty proceeding.  Critically, there is no language in the Feb. 4 Order granting relief to the Defendant to pursue discharged debt.

Therefore, the amounts coming due under the lease agreement during the 120-day gap period after the filing of the petition are considered a pre-petition claim and discharged by operation of §§ 502 and 727.  The initiation and continuation of an action to collect on that discharged debt is a violation of the discharge injunction.

As a matter of law, the Complaint contains sufficient factual matter to state a claim for relief.

WHEREFORE, the Plaintiffs, CHICHAN JOHN HWANG and JONG RAY HWANG, pray this Honorable Court enter an Order denying the Defendant's Motion to Dismiss and any other such relief as the Court deem proper.

Respectfully Submitted

CHICHAN JOHN HWANG
JONG RAY HWANG
By Counsel

By:  /s/ Nathan D. Baney
Surovell, Isaacs, Peterson, & Levy PLC
4010 University Drive, 2nd Floor
Fairfax, Virginia  22030
Direct:  703-277-9768
nbaney@siplfirm.com

## CERTIFICATE OF SERVICE

    This is to certify that on this 18th day of July, 2013, I caused the foregoing Response to Motion to Dismiss to be served by CM/ECF or first-class mail upon the following:

>Alyssa W. Chang, Esq.
>19214 Forest Brook Road
>Germantown, Maryland  20874
>(301) 353-0081
>*Counsel for Curtis Properties, Inc.*


    _/s/_ Nathan D. Baney_____