**EXHIBIT B**

# IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

IN RE: DONNA KING, Debtor                                   No. 5:12-bk-73743
                                                            Ch. 7

## ORDER

Before the Court is the *Motion to Set Aside or Amend Order Granting Motion For Relief From Stay* filed by the debtor on January 14, 2013, and a response by the creditor, Roy Newhouse, filed on January 22, 2013.  The debtor's motion pertains to this Court's order dated January 3, 2013, that granted Newhouse's motion for relief from the automatic stay.[1]  Specifically, the debtor objects to paragraph 3 of the Court's order: "That Roy Newhouse may pursue collection on the past due rent and eviction of the non-paying tenant."  The debtor argues that any debt owed by the debtor to Newhouse for post-petition rent was discharged when the debtor received her discharge on January 8, 2013, and that Newhouse was enjoined from attempting to collect past due rent for which the debtor was no longer personally liable, including Newhouse's claim for rent that accrued after the debtor filed her petition.  The debtor believes that paragraph 3 would allow Newhouse to collect a debt that was discharged in the debtor's bankruptcy case, in violation of the discharge order and in contravention of the bankruptcy code.[2]  For the reasons stated below, the Court denies the relief requested by the debtor.

The parties do not dispute the facts in this case.  The debtor and Newhouse agree that the debtor entered into a lease agreement with Newhouse in December 2008 for the term of

---

[1] The debtor timely filed her motion to set aside or amend the Court's order. Federal Rule of Bankruptcy Procedure 9023 states that a motion to amend a judgment shall be filed no later than 14 days after entry of the judgment.

[2] Neither party disputed that the unpaid rent that was due prior to the debtor filing her petition was an unsecured claim in the debtor's bankruptcy case and that the debtor's personal liability on that claim was discharged when the debtor received her discharge on January 8, 2013.

Entered On Docket: 04/29/2013

one year, at the end of which the lease extended to a monthly term. According to the lease agreement, evidence of the debtor's intent to extend was the debtor's possession of the property on the first calendar day of the month. (Cr.'s Ex. 1, Lease Agreement ¶ 18.) The debtor filed her voluntary chapter 7 bankruptcy petition on October 4, 2012, and listed her lease obligation on Schedule G - Executory Contracts and Unexpired Leases.

The debtor argues, correctly, that because the chapter 7 trustee did not assume the lease, the lease was deemed rejected 60 days after the order for relief. *See* 11 U.S.C. § 365(d)(1). Sixty days after the order for relief was December 3, 2012. If an unexpired lease is rejected under § 365, the code treats the rejection of the lease as a breach of lease that occurred immediately before the date of the filing of the petition. 11 U.S.C. § 365(g)(1). Further, the rejection of a lease under § 365(d)(1) "effects an abandonment of the lease to the debtor." *In re Bacon*, 212 B.R. 66, 68 (Bankr. E.D. Pa. 1997); *see also In re Werbinski*, 271 B.R. 514, 517 (Bankr. E.D. Mich. 2001); *but see In re Palace Quality Servs. Indus., Inc.*, 283 B.R. 868, 886 (Bankr. E.D. Mich. 2002) ("rejection of the lease means nothing more than that the trustee has *breached* the terms of the lease"). However, the trustee's rejection of the lease does not terminate the lease. Rejection is a bankruptcy concept that determines whether the estate will administer the lease as an asset of the estate. *In re Bacon*, 212 B.R. at 69. Upon rejection of the lease, the lease-- including the obligations of the parties under the terms of the lease--is no longer property of the estate. Termination, on the other hand, is a state law concept prescribed by the laws of the state in which the property is located. *Id.*[3]

The primary issue related to the debtor's motion to amend the Court's January 3, 2013 order involves the debtor's obligation to pay *any* of the past-due rent after the debtor filed her bankruptcy petition, both before and after the trustee rejected the lease agreement.

---

[3] There is no evidence before the Court that either party terminated the lease in accordance with the lease agreement. *See* Cr.'s Ex. 1, Lease Agreement ¶ 20: Default and Termination.

2

The code states clearly that a claim arising from the rejection of a lease under § 365 is determined--and allowed or disallowed--as if the claim had arisen before the date of the filing of the debtor's petition. 11 U.S.C. § 502(g)(1). In this case, the lease agreement between the debtor and Newhouse was deemed rejected by the trustee on December 3, 2012. As of that date, two events occurred: (1) Newhouse was entitled to a *pre-petition* claim for the unpaid rent during the gap period between the debtor's filing of the petition and the trustee's rejection, and (2) the lease agreement was no longer property of the estate. Because the lease agreement was no longer property of the estate, Newhouse would no longer be entitled to a claim *against the estate* for past due rent after December 3, 2012. Any damages from that date forward, as a result of a breach of the lease, would be the debtor's personal obligation outside the confines of her bankruptcy case.

When the debtor received her discharge, the debtor's personal obligation for pre-petition past due rent was discharged. *See* 11 U.S.C. § 727(b).[4] As stated above, Newhouse's claim for past due rent during the gap period is deemed a pre-petition claim under § 502(g). However, because the debtor remained in the premises after the lease was rejected, Newhouse was free to collect rent from the debtor from that point forward. *In re Werbinski*, 271 B.R. at 517. According to Newhouse, the debtor vacated the property on January 7, 2013, the day before she obtained her discharge.

On November 30, 2012, Newhouse filed his motion for relief from stay to exercise his state law remedy of eviction based on the alleged contractual defaults under the lease. The Court granted the motion on January 3, 2013--5 days prior to the debtor's discharge. Paragraph 3 of the Court's order granting Newhouse relief from the automatic stay states

---

[4] Section 727(b) states in pertinent part:
[A] discharge . . . discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 502 of this title.
11 U.S.C. § 727(b).

3

that Newhouse "may pursue collection on the past due rent and eviction of the non-paying tenant." Because the debtor vacated the premises on January 7, 2013, that portion of paragraph 3 that addresses eviction is now moot. Additionally, § 524(a) of the bankruptcy code enjoins Newhouse from the commencement or continuation of an action to collect a discharged debt under § 524(a), which would include the unpaid rent that accrued during the gap period from October 4, 2012, to December 3, 2012. However, Newhouse is able to "pursue collection on the past due rent" as stated in the remaining portion of paragraph 3 in Court's order that accrued from December 4, 2012, to January 7, 2013, the date the debtor moved out of the premises. As such, the Court denies the debtor's motion to amend the Court's January 3, 2013 order with the above clarification of the specific past due rent for which Newhouse is entitled to pursue collection.

IT IS SO ORDERED.

/s/ Ben Barry
Ben Barry
United States Bankruptcy Judge
Dated: 04/29/2013

cc:  Forrest Stolzer, for the debtor
     Gail Segers, for Roy Newhouse
     Jill Jacoway, chapter 7 trustee